**In re CONTINENTAL EXPERTS ENTERPRISES, INC., Debtor.**

**CONTINENTAL EXPERTS ENTERPRISES, INC., Plaintiff,**

v.

**Millard M. & Jessie G. STOWERS, Defendants.**

**Bankruptcy No. 82–01454–BKC–TCB. Adv. No. 82–0983–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 13, 1982.

Angus Campbell, West Palm Beach, Fla., for defendants.

Richard W. Glenn, West Palm Beach, Fla., for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks a turnover order under 11 U.S.C. § 542(b) requiring defendants to pay $24,000 allegedly owed the debtor. The defendants have answered, denying that they owe anything and asserting that the debtor is attempting to force defendants to extend credit contrary to the provisions of § 365(c)(2). The matter was tried on November 30.

On January 26, 1981, the debtor executed and delivered a note and mortgage to the defendants in the amount of $60,000 payable with interest at the end of one year. The debt was never completely funded by the defendants who advanced a total of $41,000 in increments between May 14 and July 31, 1981, leaving a balance to be funded of $19,000. The loan was for the purpose of enabling the debtor to complete the construction of an apartment building. The debtor has not completed the construction and has not been able to get a certificate of occupancy for any of the apartments. No part of the advances or interest have ever been paid.

The debtor's position is that the unfunded $19,000 is a debt payable on demand to the debtor and, therefore, subject to the turnover requirement of § 542(b). That requirement is subject to the restriction that it may be offset under § 553 by a claim against the debtor. By any view taken of the facts, the debtor is presently indebted to defendant for at least $41,000. Since this sum completely offsets the debtor's claim, the complaint must be dismissed with prejudice in any event.

I also agree with defendants' contention that the $19,000 remaining to be funded on this loan falls within the scope of § 365(c)(2) which prohibits the trustee or (by virtue of § 1107) this chapter 11 debtor from assuming an executory contract:

"to make a loan or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor."

Bkr-L Ed, Code Commentary And Analysis § 15:62; *Collier on Bankruptcy* (15th ed.) ¶ 365.05[1]. Defendants' obligation to complete funding as contemplated by the note and mortgage is, of course, an executory contract. Because of the foregoing prohibition, the debtor cannot assume that contract and, therefore, there is no continuing obligation on the defendants' part to complete the funding.

I am not asked by the pleadings to fix the precise amount and nature of defendants' present claim against the debtor. However, that issue would appear inevitable. Therefore, I note that the debtor presently owes defendants $41,000 plus 18% interest calculated upon the sums advanced from the respective dates the sums were advanced. That debt is secured by the mortgage referred to above.

As is required by B.R. 921(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.